IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>    Defendants. | Case No. 1:24-cv-1807-VMK-GAF<br><br>**Honorable Virginia M. Kendall**<br><br>**Magistrate Gabriel A. Fuentes**<br><br>Hearing: May 28, 2024 at 9:00am |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff XYZ Corporation ("Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction (the "Motion").

The Motion is supported by the pleadings and papers on file in this action, including the Motion for Temporary Restraining Order [Dkt. Nos. 7 through 7-8], the Declaration of Shawn A. Mangano, Esq. (the "Mangano Decl."), together with the arguments set forth herein and any oral argument by counsel entertained by the Court at the hearing set on this matter.

**I.  INTRODUCTION**

Plaintiff's operative Complaint in this action is but one piece in a multi-action copyright enforcement campaign that seeks to dismantle a criminal network that operates through six (6) of the largest online retail platforms in existence and includes over 2,500 named Schedule "A"

Defendants. (Mangano Decl. ¶ 5.) These named Schedule "A" Defendants are alleged to be engaged in the practice of copying Plaintiff's copyright protected product images almost instantaneously after they are first displayed on the company's website and then associating these images with sale and promotion of unauthorized, counterfeit products of substandard quality, thereby deceiving consumers – including the citizens of the State of Illinois. (Mangano Decl. ¶ 5.) Moreover, given the nature of Plaintiff's goods, such large-scale sales operations over multiple online retail platforms require considerable supply chain coordination that could not reasonably be accomplished independently by any of the named Defendants. (*Id.*)

The sophistication of Defendants' online, counterfeit sales network is further demonstrated by the skill with which they identify Schedule "A" plaintiffs, their allegedly infringed products or brands, and then immediately disseminating this information throughout their network by posting on online websites such as "SellerDefense.cn." (*Id.* ¶ 6.) The dissemination of this information then immediately results in the named Defendants siphoning off all illicit funds held in their online accounts. (*Id.*) This results in plaintiffs being deprived of any meaningful opportunity to redress the harm caused by Defendants' infringing conduct by attacking their financial resources. (*Id.*)

As previously presented to this Court in connection with the company's request for entry of a temporary restraining order [Dkt. Nos. 7 through 7-8] Plaintiff has presented substantial evidence that Defendants have intentionally copied its copyright protected works. [*Id.*] This evidence includes a literal one-for-one copying of these protected works and their unauthorized display on Defendants' online storefronts, which are offering substandard, counterfeit products for sale to United States citizens, including those residing in the State of Illinois. [*Id.*] Substantively, this evidence clearly demonstrates that Plaintiff has an extremely high likelihood

of success on the merits of its copyright infringement claim, as well as its associated claims for false designation of origin and violation of Illinois' deceptive trade practices act. [Dkt. No. 1.]

As also previously argued to this Court in support of its request for entry of a temporary restraining order [Dkt. Nos. 7 through 7-8], Plaintiff would unquestionably suffer irreparable harm absent entry of injunctive relief through the spoliation of essential evidence and Defendants absconding with significant ill-gotten gains derived from their intentional infringement of Plaintiff's federally secured copyright protected works. These facts still exist today and support entry of preliminary injunctive relief effective until full adjudication of this matter. (Mangano Decl. ¶ 7.) Accordingly, as argued herein, Plaintiff respectfully requests the Court further enjoin the Defendants through entry of a preliminary injunction.

**II.    STATEMENT OF FACTS**

On March 25, 2024, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"). [Dkt. No. 15.] The Court's Minute Order accompanying issuance of the TRO further stated the expiration of the TRO would be April 8, 2024, and any motions to extend the TRO or for entry of a preliminary injunction would have to be on or before April 8, 2024, [Dkt. No. 14.] Furthermore, a status hearing was set for April 8, 2024.  The third-party platform, Alibaba.com, requested over $12,000.00 in processing fees and stated our request was cumbersome and they needed more time to provide the requested responses.  Thus, our first motion to extend the TRO was filed April 5, 2024. The court granted the extension until April 22, 2024, along with a telephonic status hearing at 9:00 am the same day.  As the date approached for the expiration of the extension, the third-party platform continued to allege our request as cumbersome, state they needed more time to comply and request previously submitted documents to be resubmitted to them.  Resulting in our second motion to extend the TRO filed on April 19,

2024, and granted on April 22, 2024, after our status hearing. The second extension for TRO granted by minute entry Docket 29, extended our TRO until May 6, 2024. As May 6 approached, we still had not received all the requested defendant emails and sales data requested upon the third-party platform. On Saturday, April 27, 2024, Plaintiff finally received email addresses, but no sales data from the third-party platform. On April 28, 2024, electronic service was effectuated on Defendants. Due to the closeness of the service upon Defendants and the approaching deadline for the expiration of TRO, Plaintiff filed a third extension of the TRO before the Preliminary Injunction to provide Defendants with notice and a meaningful opportunity to appear. By minute entry Docket 34, the third extension of the TRO expires May 20, 2024.

Substantively, the TRO authorized and directed Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website, together with effectuating electronic service by email transmission to any addresses provided for Defendants by third party online platforms. [Dkt. No. 15 ¶ 7.] Plaintiff has complied with these requirements by serving the designated online platform with a copy of the TRO and the related subpoena requesting information, including that required to effectuate electronic service, for the named Defendants. (Mangano Decl. ¶ 8.) On April 27, 2024, the designated online platform provided Plaintiff with the requested email addresses associated with Defendants' online accounts necessary to effectuate electronic service of process. (Mangano Decl. ¶ 9.) On April 28, 2024, Plaintiff completed electronic service of process by e-mail on the named Schedule "A" Defendants as required by the TRO. (*Id.*)

Based on the foregoing procedural history, including having effectuated electronic service of process to the named Schedule "A" Defendants as required by the TRO, Plaintiff respectfully

requests the Court convert the TRO to a preliminary injunction, thereby continuing the current restraints entered against Defendants until this matter is fully adjudicated. This requested relief includes the continued restraint of Defendants' online store accounts, and any funds held therein, until full resolution of Plaintiff's asserted claims for relief.

### III.  ARGUMENT

#### A. Extending the Relief Already Granted by the TRO Through Entry of a Preliminary Injunction is Warranted.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants, to preserve its access to valuable evidence that would otherwise be destroyed, and to restrain funds derived from intentional, infringing actions that would otherwise be absconded by Defendants, thereby providing Plaintiff with no meaningful relief despite the unquestionable viability of its claims. (Mangano Decl. ¶¶ 5-7.) Courts in this judicial district addressing similar allegations of Internet-based intellectual property infringement and associated counterfeiting activity have issued preliminary injunctive relief after entering a temporary restraining order. *See, e.g., Alicia Vannoy Call v. The P'ships,* No. 23-cv-04043 (N.D. Ill. July 25, 2023) (unpublished).

##### i.  This Court Has Already Found the Requirements for a Preliminary Injunction Have Been Satisfied.

The standards applicable to granting a temporary restraining order and those applicable to granting a preliminary injunction are virtually identical, thereby justifying extending a temporary restraining order to preliminary injunctive relief appropriate absent compelling intervening facts or circumstances. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a

reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied. The underlying circumstances justifying the Court's entry of the TRO still exist and equally support entry of a preliminary injunction as requested by Plaintiff. (Mangano Decl. ¶¶ 5-7.)

        ii.     <u>The Equitable Relief Granted Through Issuance of the TRO Remains Appropriate for the Requested Preliminary Injunction.</u>

The Copyright Act authorizes courts to issue "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

As with the issued TRO, Plaintiff requests issuance of the preliminary injunction to prevent the Defendants from using, without authorization, the company's copyright protected images in connection with the manufacture, importation, distribution, offering for sale, and sale of counterfeit products. (Mangano Decl. ¶ 10.) Absent issuance of this requested preliminary injunctive relief, Defendants' intentional infringement of Plaintiff's federally secured rights will unquestionably continue. (Mangano Decl. ¶ 10.) As such, extension of this relief, which was originally granting through issuance of the TRO, should be further continued through issuance of the requested preliminary injunction until this case is fully adjudicated by the Court.

Plaintiff also requests conversion of the TRO to a preliminary injunction so that Defendants' online accounts, which contain essential illegal product sales information and ill-gotten funds derived from their intentional infringement of the company's copyright protected

works that would otherwise be transferred to unknown locales, remain frozen until conclusion of this action. (*Id.* ¶ 11.) This same harm justified entry of the TRO and it continues to exist today, which clearly justifies entry of the requested preliminary injunction. (*Id.*) Simply put, absent extending the relief granted under the TRO to a preliminary injunction, Plaintiff would be irreparably harmed through Defendants' efforts to avoid enforcement of the company federally protected rights by this Court. (*Id.*)

### B. The Current Bond is Sufficient to Protect Defendants' Interests.

The Court has previously required Plaintiff to post a bond in the sum of $5,000.00 in connection with issuance of the TRO. [Dkt. No. 15.] The exact same circumstances supporting the Court's determination of this bond amount apply to Plaintiff's request for entry of a preliminary injunction. (Mangano Decl. ¶ 12.) Moreover, the Court is presented with facts and supporting evidence that clearly demonstrates Defendants have infringed Plaintiff's copyright protected works. (*Id.*) This blatant, intentional conduct demonstrates that Plaintiff has an exceptionally high likelihood of success on the merits of its asserted claims for relief. *See Columbia Pictures Indus., Inc.*, 927 F. Supp. at 1076. Such a strong showing militates against a subsequent finding that injunctive relief was improperly granted. Accordingly, Plaintiff respectfully requests the Court maintain the current bond amount required for issuance of the TRO for issuance of the preliminary injunction.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court grant its request for entry of a preliminary injunction and maintain the current bond amount required under the TRO, together with issuing any other relief that it deems just and proper.

DATED: May 16, 2024

Respectfully submitted,

By: */s/ Shawn A. Mangano*
Shawn A. Mangano (Bar No. 6299408)
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973 Fax: (702) 553-3404
shawnmangano@bayramoglu-legal.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Notice of this filing is provided to unrepresented parties for whom contact information has been provided via email and by posting the filing on a URL contained on our website https://blointernetenforcement.com/, and distributed to ecommerce platform, Alibaba.com.

By: */s/ Shawn A. Mangano*
Shawn A. Mangano (Bar No. 6299408)
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973 Fax: (702) 553-3404
shawnmangano@bayramoglu-legal.com
*Attorneys for Plaintiff*

MEMORANDUM OF LAW IN SUPPORT OF MOTION  Case No. 1:24-CV-01807-VMK-GAF
FOR ENTRY OF A PRELIMINARY INJUNCTION