IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>  Defendants. | Case No. 1:24-cv-1807-VMK-GAF<br><br>**Honorable Virginia M. Kendall**<br><br>**Magistrate Gabriel A. Fuentes**<br><br>Hearing: May 28, 2024 at 9:00am |

**DECLARATION OF SHAWN A. MANGANO, ESQ.
IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

  I, Shawn A. Mangano, of the City of Las Vegas, in the State of Nevada, declare as follows:

  1. Except as otherwise expressly stated to the contrary, this declaration is based upon my personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the statements made herein.

  2. I make this declaration in support of Plaintiff's Motion for Entry of a Preliminary Injunction (the "Motion").

  3. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff XYZ Corporation ("Plaintiff"). I make this declaration from my matters within my own personal knowledge unless stated otherwise.

4. Plaintiff's Motion for Temporary Restraining Order (the "TRO") was granted by the Court on March 25, 2024. [Dkt. No. 15.]

5. Plaintiff's operative Complaint in this action is but one piece in a multi-action copyright enforcement campaign that seeks to dismantle a criminal network that operates through six (6) of the largest online retail platforms in existence and includes over 2,500 named Schedule "A" Defendants. These named Schedule "A" Defendants are alleged to be engaged in the practice of copying Plaintiff's copyright protected product images almost instantaneously after they are first displayed on the company's website and then associating these images with sale and promotion of unauthorized, counterfeit products of substandard quality, thereby deceiving consumers – including the citizens of the State of Illinois. Moreover, given the nature of Plaintiff's goods, such large-scale sales operations over multiple online retail platforms require considerable supply chain coordination that could not reasonably be accomplished independently by any of the named Defendants.

6. The sophistication of Defendants' online, counterfeit sales network is further demonstrated by the skill with which they identify Schedule "A" plaintiffs, their allegedly infringed products or brands, and then immediately disseminating this information throughout their network by posting on online websites such as "SellerDefense.cn." The dissemination of this information then immediately results in the named Defendants siphoning off all illicit funds held in their online accounts. (*Id.*) This results in plaintiffs being deprived of any meaningful opportunity to redress the harm caused by Defendants' infringing conduct by attacking their financial resources.

7. As also previously argued to this Court in support of its request for entry of a temporary restraining order, Plaintiff would unquestionably suffer irreparable harm absent entry

of injunctive relief through the spoliation of essential evidence and Defendants absconding with significant ill-gotten gains derived from their intentional infringement of Plaintiff's federally secured copyright protected works. These facts still exist today and support entry of preliminary injunctive relief effective until full adjudication of this matter.

8. Substantively, the TRO authorized and directed Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website, together with effectuating electronic service by email transmission to any addresses provided for Defendants by third party online platforms. [Dkt. No. 17 ¶ 7.] Plaintiff has complied with these requirements by serving the designated online platform with a copy of the TRO and the related subpoena requesting information, including that required to effectuate electronic service, for the named Defendants.

9. On April 27, 2024, the designated online platform provided Plaintiff with the requested email addresses associated with Defendants' online accounts necessary to effectuate electronic service of process. On April 28, 2024, Plaintiff completed electronic service of process by e-mail on the named Schedule "A" Defendants as required by the TRO.

10. As with the issued TRO, Plaintiff requests issuance of the preliminary injunction to prevent the Defendants from using, without authorization, the company's copyright protected images in connection with the manufacture, importation, distribution, offering for sale, and sale of counterfeit products. Absent issuance of this requested preliminary injunctive relief, Defendants' intentional infringement of Plaintiff's federally secured rights will unquestionably continue.

11. Plaintiff also requests conversion of the TRO to a preliminary injunction so that Defendants' online accounts, which contain essential illegal product sales information and ill-gotten funds derived from their intentional infringement of the company's copyright protected

works that would otherwise be transferred to unknown locales, remain frozen until conclusion of this action. This same harm justified entry of the TRO and it continues to exist today, which clearly justifies entry of the requested preliminary injunction. Simply put, absent extending the relief granted under the TRO to a preliminary injunction, Plaintiff would be irreparably harmed through Defendants' efforts to avoid enforcement of the company federally protected rights by this Court.

12. The Court has previously required Plaintiff to post a bond in the sum of $5,000.00 in connection with issuance of the TRO. [Dkt. No. 15.] The exact same circumstances supporting the Court's determination of this bond amount apply to Plaintiff's request for entry of a preliminary injunction. Moreover, the Court is presented with facts and supporting evidence that clearly demonstrates Defendants have infringed Plaintiff's copyright protected works.

13. In *Volkswagen AG, et al. v. hkseller\*2011, et al.*, No. 18-cv-07621 (N.D. Ill. May 6, 2019), the Court found that the defendants deliberately evaded asset restraint. Despite assurances, defendants depleted their PayPal account before a hearing. When the restraint was reinstated, they swiftly withdrew $20,000. With their counsel withdrawing and no response to plaintiffs' motion for summary judgment, a $200,000 judgment was entered, which remains unpaid beyond the restrained funds.

14. In *PopSockets LLC v. Xuebo50, et al.*, No. 17-cv-06101 (N.D. Ill. Oct. 12, 2017), a defendant's PayPal account, initially holding $1,611,921, was restrained. The account was released under the condition that several hundred thousand dollars, earmarked for potential consumer chargebacks, couldn't be withdrawn. However, due to a misunderstanding with PayPal, the defendant reduced the balance to $36,469 upon receiving notice of the lawsuit. The defendant didn't appear in the case, resulting in a default judgment entered against them.

4

DECLARATION OF S. MANGANO ISO  CASE NO. 1:24-cv-01807-VMK-GAF
MOTION TO ENTER PRELIMINARY INJUNCTION

15. For these reasons, in the absence of issuance of the requested preliminary injunction, Defendants would likely move any assets from accounts in financial institutions subject to this Court's jurisdiction to offshore accounts outside of this Court's jurisdiction.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed on May 16, 2024, in Las Vegas, Nevada.

By: */s/ Shawn A. Mangano*
SHAWN A. MANGANO, ESQ.

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Notice of this filing is provided to unrepresented parties for whom contact information has been provided via email and by posting the filing on a URL contained on our website blointernetenforcement.com/, and distributed to ecommerce platform, Alibaba.com.

By: */s/ Shawn A. Mangano*
Shawn A. Mangano (Bar No. 6299408)
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973 Fax: (702) 553-3404
shawnmangano@bayramoglu-legal.com
*Attorneys for Plaintiff*