IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED, | ) ) ) ) | |
| *Plaintiff*, | ) ) ) | No. 24 C 01807 |
| v. | ) ) ) | Chief Judge Virginia M. Kendall |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO, | ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**OPINION AND ORDER**

Hong Kong Leyuzhen Technology Co. Ltd. ("Plaintiff") moves for entry of summary judgment against the eleven remaining Defendants identified in Schedule "A" in this copyright infringement and Illinois Deceptive Trade Practices Act case. (Dkt. 97). Plaintiff bases its motion on the remaining Defendants' failure to propound timely responses to its requests for admission. (Dkt. 97-1 at 1–3). For the below reasons, Plaintiff's Motion for Summary Judgment [97] is granted in part and denied in part.

**BACKGROUND**

Plaintiff brought this action on March 4, 2024 against hundreds of e-commerce sellers alleging they used infringing versions of Plaintiff's federally registered copyrights. (*See* Dkt. 1 at 1). Specifically, Plaintiff accuses the e-commerce vendors of copying protected images tied to listings for Plaintiff's women's apparel product line without authorization and republishing the

1

images on "numerous fully interactive commercial internet stores on the online platform Alibaba.com" to sell " 'knock-off' products of inferior quality and at the bargain basement prices." (*Id.*) Plaintiff's three-count complaint alleges claims for Copyright Infringement under 17 U.S.C. § 101, *et seq.*, False Designation of Origin under 15 U.S.C. § 1125(a), and deceptive trade practices under 815 Ill. Comp. Stat. 510/1, *et seq.* (*Id.* at 8–13).

On November 26, 2024, this Court entered a Final Default Judgment Order against 296 of the Schedule "A" Defendants that had not reached a settlement with Plaintiff. (Dkt. 93). Only eleven Defendants remain, all of which are represented by the same attorney. (Dkt. 97-3 ¶ 3). The remaining Defendants' responses to Plaintiff's First Set of Requests for Admission were due on November 8, 2024. (Dkt. 97-3 ¶ 7). Plaintiff agreed to extend this deadline by one week, to November 15, 2024. (Ex. B, Dkt. 97-5 at 2). Plaintiff claims that none of the remaining Defendants provided discovery responses on November 15, or any day thereafter, and accuses defense counsel of "ghost[ing]." (Dkt. 97-1 at 2). Defense counsel, however, points to a November 17, 2024 email that he sent Plaintiff's attorney with responses to the requests for admission from eight of the eleven defendants ("the responding Defendants"). He attributes the two-day delay to his own "inadvertent oversight." (*See* Ex. A, Dkt. 103-2 at 2–3). Plaintiff does not dispute that it received these responses. Defense counsel concedes that the remaining three Defendants ("the nonresponding Defendants") failed to propound any discovery responses. (Dkt. 103 at 3).[1]

Plaintiff now moves for summary judgment on Counts I and III of its Complaint based on the remaining Defendants' untimely discovery responses. (Dkt. 97).

---

[1] The responding Defendants are #82 Gelin Garment (Shijiazhuang) Corp., Ltd.; #84 Guangdong Lianyi Textile Co., Ltd.; #114 Guangzhou J Shen Clothing Co., Ltd.; #178 Hangzhou Fanou Jewelry Co., Ltd.; #184 HC International Trade (chengdu) Co., Ltd.; #349 Xiamen Tengqiao Clothes Co., Ltd.; #372 Yiwu Fangxin Trading Co., Ltd.; and #427 Shantou Chenghai District Yimei Garment Factory. The nonresponding Defendants are #241 Quanzhou Licheng District Huachuang Clothing Firm; #376 Yiwu Huiyi Trade Co., Ltd; and #381 Yiwu Lucai Trading Co., Ltd.

2

## **LEGAL STANDARD**

Summary judgment is appropriate when there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact "exists only if 'there is sufficient evidence' " for a reasonable jury to return a verdict for the nonmoving party. *Birch|Rea Partners, Inc. v. Regent Bank*, 27 F.4th 1245, 1249 (7th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)); *see Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. In evaluating a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the nonmoving party's favor. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001). "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

## **DISCUSSION**

### I.      Rule 36 and the Defendants' Deemed Admissions

Plaintiff argues that all facts included in its requests for admission have been conclusively established because of the remaining Defendants' failure to provide timely responses. The relevant facts from the requests for admission are:

> (1) that Plaintiff is the owner of the Copyright Protected Images asserted in this action; (2) that [Defendants] have solicited and obtained purchases from the public through the unauthorized display of Plaintiff's Copyright Protected Images on the Platform; (3) that [Defendants] copied or obtained Plaintiff's Copyright Protected Images directly from the company's website or through an unlicensed, unauthorized third party; and (4) that [Defendants] performed no investigation as to whether the Copyright Protected Images were subject to any federal copyright registrations prior to being displayed on their online storefronts maintained on the Platform.

3

(Dkt. 97 at 9; *see generally* Ex. A, Dkt. 97-4). But Plaintiff proceeds from the mistaken premise that *none* of the remaining Defendants responded to the requests for admission. Eight of the eleven Defendants did respond; their responses, however, were two days late. In response to Plaintiff's Motion for Summary Judgment, these Defendants ask the Court to "exercise its discretion under Rule 36(b) to permit their late-served responses." (Dkt. 103 at 4).

When a party fails to provide timely responses to requests for admissions, the matters included in those requests are deemed admitted, i.e., "conclusively established." Fed. R. Civ. P. 36(a)(3). Parties have one procedural tool they can use to attempt to withdraw those deemed admissions: a Rule 36(b) motion. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000) (quoting *Kasuboski*, 834 F.2d at 1349 (7th Cir. 1987); Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." (emphasis added)). Defense counsel acknowledges the late productions on behalf of the responding Defendants were due to his own "inadvertent oversight" and that he "immediately moved to remedy the mistake upon discovering it." (Dkt. 103 at 3). In claiming to have "immediately moved to remedy the mistake" Defense counsel must be speaking of his November 17, 2025 email to Plaintiff's counsel with the late productions, because there is no formal Rule 36(b) motion to withdraw before the Court. *See Tate & Lyle Ams. LLC v. Glatt Air Techs. Inc.*, 863 F.3d 569, 571 (7th Cir. 2017) (finding that a district court errs in allowing a party to contradict a judicial admission without "mov[ing] to withdraw or amend the admission in question").

While the responding Defendants did not file a standalone motion, they have, in substance, moved to withdraw their deemed admissions in their response to Plaintiff's Motion for Summary Judgment. (*See* Dkt. 103 at 4 (requesting the Court "exercise its discretion under Rule 36(b) to

4

permit their late-served responses to the Requests for Admission")). The Court construes this argument as a proper Rule 36(b) motion. *See Windle v. Indiana*, 2019 WL 6724605, at *4 (S.D. Ind. Dec. 10, 2019) (treating plaintiff's "argument in his summary judgment response as a request to withdraw admissions"); *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987) (same); *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153–54 (6th Cir. 1997) (interpreting an attorney's statements made during oral argument as a motion to withdraw deemed admissions). Plaintiff decided not to file a reply brief in support of its Motion for Summary Judgment and has thus offered no argument on the matter..

The Court, in its discretion, can permit a party to rescind a prior admission if doing so "better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). First, it is undoubtedly true that allowing the responding Defendants to withdraw their deemed admissions would better serve the presentation of the merits of this case. Here, Plaintiff has moved for summary judgment against the responding Defendants based solely on the deemed admissions; upholding the admissions would thus "eliminate any need for a presentation on the merits." *Rodgers v. Allen*, 2009 WL 2192622, at *5 (N.D. Ill. July 21, 2009). The responding Defendants have satisfied Rule 36(b)'s first prong.

No prejudice will stem from allowing the responding Defendants to withdraw their deemed admissions. First, the party opposing withdrawal bears the burden of demonstrating prejudice. *Johnson v. Target Corp.*, 487 F. App'x 298, 300 (7th Cir. 2012). In failing to file a reply, Plaintiff has conceded on the prejudice prong. In any event, prejudice under Rule 36 relates to the difficulty a party might face in proving its case because of the deemed admissions, e.g., by the need to suddenly "obtain evidence with respect to the questions previously answered by the admissions."

5

*Blow v. Bijora, Inc.*, 855 F.3d 793, 800 (7th Cir. 2017) (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)). There is no evidence to suggest that is the case here. Plaintiff immediately sought entry of summary judgment after the remaining Defendants failed to file timely responses to the requests for admission. Unwinding those admissions would simply allow the case to proceed against the responding Defendants as it otherwise would have. Moreover, it appears Plaintiff missed the email from defense counsel sharing the discovery responses for eight of the eleven remaining defendants and proceed to prepare a Motion for Summary Judgment based on the mistaken belief that "no responses to the propounded requests for admission have been provided." (Dkt. 97-1 at 8; Ex. A, Dkt. 103-2 at 2–3). Thus, Plaintiff cannot demonstrate prejudice and Rule 36(b)'s second prong is satisfied.

For these reasons, the Court grants the responding Defendants Rule 36(b) motion; their deemed admissions are withdrawn and replaced with the responses defense counsel provided in his November 17, 2024 email. (*See* Ex. A, Dkt. 103-2). Because Plaintiff moves for summary judgment solely based on the Defendants' deemed admissions, that motion [97] is denied as to the eight responding Defendants. The nonresponding Defendants have not moved or otherwise argued for a withdrawal of their admissions. Thus, all facts included in Plaintiff's requests for admission are conclusively established as to those three parties. The Court now turns to the questions of liability and damages as to the nonresponding Defendants alone.

## II. Copyright Infringement Claim

### A. Liability

To establish a claim for infringement a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991). The deemed

6

admissions easily establish both elements. Indeed, the nonresponding Defendants offer no arguments against liability; instead, they focus entirely on the damages available for their infringement. (*See* Dkt. 103 at 4–9).

A plaintiff's certificate of copyright registration is " '*prima facie* evidence' of its validity." *JWC Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914–15 (7th Cir. 2007) (quoting 17 U.S.C. § 410(c)). Here, Plaintiff alleges the nonresponding Defendants infringed upon five of its registered copyrights: VA0002369378 (Defendant No. 241), VA0002381115 (Defendant No. 376), VA0002381116 (Defendant No. 376), VA0002381117 (Defendant No. 376), and VA0002379895 (Defendant No. 381) and has provided the Court with summary sheets from the United States Copyright Office corresponding to each registered copyright. (Ex. D, Dkt. 97-7; Dkt. 11-1 at 1–2, 35–40, 48–49). Plaintiff has thus satisfied the first prong of its infringement claim. Second, the nonresponding Defendants' admissions establish they copied the constituent elements of Plaintiff's original works. Those admissions conclusively establish that the Defendants took the copyright-protected images directly from Plaintiff's website without authorization or license, republished those images on their Alibaba.com e-commerce storefronts, and used the copyright-protected images to solicit purchases from the public. (Dkt. 97-1 at 9; *see, e.g.*, Ex. A, Dkt. 97-4 at 123–33). Considering these admissions, this is one of the rare cases where the Plaintiff has some "[d]irect evidence of copying." *Design Basics, LLC v. Lexingon Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017). Plaintiff has satisfied the second prong of its infringement claim.

For the above reasons, the Court grants Plaintiff's Motion for Summary Judgment [97] on its copyright infringement claim.

### B. Injunctive Relief

Plaintiff also seeks injunctive relief against each Defendant. (Dkt. 97-1 at 9–10). Section 502(a) of the Copyright Act authorizes the Court to grant final injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of copyright." 17 U.S.C. § 502(a). Here, the Court has already issued temporary and preliminary relief against the nonresponding Defendants; and has now entered judgment in Plaintiff's favor on the merits of its infringement claim. (*See* Dkt. 15; Dkt. 63). Considering the nonresponding Defendants are based overseas and have declined to participate in discovery, an injunction is appropriate to limit the risk of future infringement. *See, e.g.*, *PHE, Inc. v. Does 1–122*, 2014 WL 1856755, at *3 (N.D. Ill. May 7, 2014) (recognizing § 502(a) injunctions as an appropriate remedy against defendants that fail to respond to ensure infringement does not recommence as soon as a case ends). Plaintiff's request for a permanent injunction is granted.

### C. Damages

Turning now to relief, Plaintiff seeks statutory damages, enhanced for willful infringement, and an award of attorneys' fees and costs. (Dkt. 97-1 at 3); 17 U.S.C. §§ 504(c)(1)–(2), 505. Because actual damages are "often virtually impossible to prove, a copyright owner may elect instead to recover statutory damages." *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (citing 17 U.S.C. § 504(c)).[2] The nonresponding Defendants claim statutory damages, attorneys' fees, and costs are unavailable to the Defendants because § 412 of the

---

[2] The nonresponding Defendants argue against the entry of an actual damages award under 17 U.S.C. § 504(b). (Dkt. 107 at 8–9). But Plaintiff is not currently seeking actual damages, mostly because the nonresponding Defendants' failure to participate in discovery has "deprived the company of its ability to meaningfully analyze its right to recover actual damages in this action." (*See* Dkt. 97-1 at 3, 10). The Court declines to consider whether actual damages are available.

Copyright Act prohibits these remedies unless the Plaintiff registers its copyright prior to the infringement. (Dkt. 103 at 4–6). Section 412 provides, in relevant part, that:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. The nonresponding Defendants invoke both of § 412's provisions to claim statutory damages, fees, and costs are unavailable here. The "lynchpin inquiry under § 412" is "precisely when the infringement began." *Sullivan v. Flora, Inc.*, 936 F.3d 562, 573 (7th Cir. 2019). Even including the admissions, the record is altogether silent on this point.

Section 412(1), which applies only to infringement in unpublished works is inapplicable. The nonresponding Defendants' admissions conclusively establish that they each "copied the Work[s] from Plaintiff's Website," i.e., after those works were published. (*See, e.g.*, Ex. A, Dkt. 97-4 at 127 (Requests for Admission Nos. 20–21 re: nonresponding Defendant No. 381)); 17 U.S.C. § 101. Moreover, the nonresponding Defendants concede that the relevant works are published. (Dkt. 103 at 6). Only § 412(2) is available as a defense to Plaintiff's claim for statutory damages.

There are three relevant dates under § 412(2): publication date, registration date, and infringement commencement date. Three of the five copyright registration summaries in the record include a publication date of March 3, 2021, and a registration date over twenty months later, November 7, 2023. (Dkt. 11-1 at 35–39). The other two copyright registration certificates do not provide publication dates but include registration dates of August 8, 2022 and November 12, 2023. (*Id.* at 1–2, 48–49). Plaintiff, however, alleges that it "first published" all relevant copyrights "[b]etween 2021 and 2022." (Dkt. 1 at 3). Viewing this evidence in the light most favorable to the

9

nonresponding Defendants, the gaps between publication and registration for these two copyrights could be anywhere from 19–34 months. In other words, more than three. Thus, if the nonresponding Defendants commenced infringement before the relevant registration dates, a reasonable jury could conclude that statutory damages are unavailable.

Plaintiff's Motion for Summary Judgment, L.R. 56 Statement of Fact, and accompanying evidence does not establish *when* the nonresponding Defendants' infringement commenced. Nor does Plaintiff even respond to the Defendants' § 412 argument. Defense counsel, for his part, submitted a declaration that states the nonresponding Defendants informed him they "commenced using the images before Plaintiff's registrations took effect."[3] (Dkt. 103-1 ¶ 5). Even without that declaration, genuine issues of material fact remain pertaining to when the nonresponding Defendants began their infringing activity. Considered in tandem with the largest possible gaps between publication and registration for all five copyrights, the answers to those questions bear directly on the availability of the very relief Plaintiff requests under § 412(2). Accordingly, Plaintiff is not entitled to statutory damages or an award of attorney's fees and costs at this stage. With no statutory damage award to treble, Plaintiff's request for "enhanced damages for willful infringement" under 17 U.S.C. § 504(c)(2) is likewise denied.

### III. Deceptive Trade Practices Claim

Plaintiff asks the Court to grant summary judgment on its Illinois Deceptive Trade Practices Act claim, "[i]n the event the Court denies Plaintiff's request for entry of permanent injunctive relief and an award of attorneys' fees . . . under its copyright infringement claim." (Dkt. 97-1 at 4). But Plaintiff does not cite a single case or offer any legal analysis on this claim. Instead,

---

[3] This statement in defense counsel's declaration is both hearsay and not based on personal knowledge. It would thus likely be inadmissible at trial. The Court does not rely on this statement in reaching its conclusion and only references it to demonstrate Plaintiff's evidentiary failures. *See Judson Atkinson Candies Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 (7th Cir. 2008).

10

Plaintiff presents the Court with the Defendants' deemed admissions "and then declares 'I win.' " *Israel v. Bucon*, 2019 WL 13202784, at *3 (N.D. Ill. Aug. 16, 2019). The Court will not make Plaintiff's legal arguments and declines entry of a fee award on this record. *See White Eagle Co-op. Ass'n v. Conner*, 553 F.3d 467, 476 (7th Cir. 2009) ("[I]t is not the province of the courts to complete litigants' thoughts for them, and we will not address this undeveloped argument."); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). Accordingly, Plaintiff's Motion for Summary Judgment [97] on Count III of its Complaint is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [97] is granted in part and denied in part. Plaintiff's Motion for Summary Judgment [97] is **denied** as to Defendants #82 Gelin Garment (Shijiazhuang) Corp., Ltd.; #84 Guangdong Lianyi Textile Co., Ltd.; #114 Guangzhou J Shen Clothing Co., Ltd.; #178 Hangzhou Fanou Jewelry Co., Ltd.; #184 HC International Trade (chengdu) Co., Ltd.; #349 Xiamen Tengqiao Clothes Co., Ltd.; #372 Yiwu Fangxin Trading Co., Ltd.; and #427 Shantou Chenghai District Yimei Garment Factory. These Defendants' Rule 36(b) motion to withdraw their deemed admissions is **granted**.

It is further ordered that Plaintiff's Motion for Summary Judgment [97] and request for a permanent injunction on Count I of its Complaint for violations of the Copyright Act is **granted** as to Defendants #241 Quanzhou Licheng District Huachuang Clothing Firm; #376 Yiwu Huiyi Trade Co., Ltd; and #381 Yiwu Lucai Trading Co., Ltd. only. The issue of damages on Count I against these three Defendants remains for trial. Plaintiff's Motion for Summary Judgment [97] is **denied** as to these Defendants on Count III of the Complaint.

Plaintiff is awarded permanent injunctive relief under 17 U.S.C. § 502(a) as follows:

1. Defendants #241 Quanzhou Licheng District Huachuang Clothing Firm; #376 Yiwu Huiyi Trade Co., Ltd; and #381 Yiwu Lucai Trading Co., Ltd. are permanently enjoined from directly or contributorily infringing Hong Kong Leyuzhen Technology Co. Limited's Copyright Protected Images;

2. Defendants #241 Quanzhou Licheng District Huachuang Clothing Firm; #376 Yiwu Huiyi Trade Co., Ltd; and #381 Yiwu Lucai Trading Co., Ltd. are ordered to delete and permanently remove digital media files relating to Hong Kong Leyuzhen Technology Co. Limited's Copyright Protected Images and any infringing copies of Hong Kong Leyuzhen Technology Co. Limited's Copyright Protected Images from any computer, device, or other physical medium under their possession, custody, or control.

_____
Virginia M. Kendall
United States District Judge

Date: September 2, 2025